OPINION
{¶ 1} Appellant, Edward R. Johnson, appeals from the May 23, 2005 judgment entry of the Painesville Municipal Court, in which he was sentenced for assault.
 {¶ 2} On December 29, 2004, a complaint was filed against appellant charging him with one count of assault, a misdemeanor of the first degree, in violation of R.C. 2903.13(A). On February 3, 2005, appellant entered a plea of not guilty at his initial appearance.
 {¶ 3} A bench trial was held on May 23, 2005.
 {¶ 4} Appellee, the state of Ohio, called Jeffrey Stewart ("Stewart") as its first witness. Stewart testified that sometime during the morning on December 2, 2004, appellant was looking for his son and came over to his house, located at 593 Homeworth, Painesville, Lake County, Ohio. Appellant was driven to the residence by his brother, Monteen Clark ("Clark"). Stewart's girlfriend's daughter, Cynthia Lee ("Lee"), answered the door and appellant asked for Stewart. Stewart went to the door and briefly conversed with appellant on the front porch. Appellant asked Stewart regarding the whereabouts of appellant's son. Appellant is the father of Stewart's daughter's son. Stewart replied that his son was somewhere in Florida.
 {¶ 5} As he proceeded to walk back into the house, Stewart claimed that appellant attacked him. He indicated that appellant punched him several times, the two fell to the ground, and appellant was on top of him. Stewart stated that he did not strike appellant at any time. He said that Lee was inside the house and Clark was inside his vehicle in the driveway during the incident. Stewart received a bloody nose and a broken rib from the altercation. He went to Lake East Hospital for treatment as well as to the Painesville City Police Department ("PCPD") where he made a report. On cross-examination, Stewart testified that his daughter was incarcerated. He told appellant that she had married someone. Stewart indicated that appellant called his daughter a "bitch."
 {¶ 6} Lee testified for appellee that after conversing on the front porch with appellant, Stewart attempted to go back into the house but appellant grabbed him. Lee ran to the door and saw appellant slam Stewart on the ground. She stated that appellant was on top of Stewart and punched him two or three times. At that time, Lee ran to call the police but could not find the phone. After the altercation, Lee went to the PCPD to make a statement.
 {¶ 7} Officer Abraham Alamo ("Officer Alamo"), an officer with the PCPD, testified for appellee that he was on duty on December 2, 2004, and became involved in the assault investigation at issue. He indicated that Stewart came to the PCPD at 12:15 p.m., complaining that he had been assaulted by appellant. Officer Alamo stated that Stewart's nose was swollen, he had a couple of bleeding cuts, and he complained of pain to his ribs. Officer Alamo said that appellant also came to the PCPD and provided a written statement to Officer Soto. Officer Alamo did not notice any visible injuries on appellant.
 {¶ 8} At the close of appellee's case, appellant's counsel moved for an acquittal pursuant to Crim.R. 29, which was overruled by the trial court.
 {¶ 9} Appellant testified that Clark drove him and Samuel Johnson ("Johnson") to Stewart's residence. According to appellant, he referred to Stewart's daughter as a "bitch," at which time Stewart replied that he was "`not going to take this shit'" and swung at appellant. Appellant indicated that he defended himself from further attack by grabbing Stewart and slamming him to the ground. Appellant maintained that Clark grabbed him and stopped the altercation. Appellant said that he got back into Clark's vehicle and drove away. He then went to the PCPD to make a report. On cross-examination, appellant said that Stewart swung at him but never hit or touched him. On re-direct, appellant stated he did not know how Stewart received any injuries because appellant alleged that he never punched him.
 {¶ 10} Clark testified for appellant that he saw Stewart swing at appellant. Appellant grabbed Stewart and the two fell to the ground. At that time, Clark stated that he got out of his car to break up the fight. He then drove appellant to the PCPD. Clark never made a statement because he did not want to be bothered with the police. On cross-examination, he said that he did not take appellant to the hospital because he was not hurt.
 {¶ 11} Johnson testified for appellant that Stewart swung at appellant, appellant grabbed Stewart, and the two tussled on the ground. He said that Clark broke up the fight and they took appellant to the PCPD. On cross-examination, Johnson indicated that he did not see any injuries to appellant nor did he complain that he was hurt. Johnson did not give a statement at the PCPD.
 {¶ 12} At the close of appellant's case, appellant's counsel renewed the Crim.R. 29 motion, which was again overruled by the trial court.
 {¶ 13} Pursuant to its May 23, 2005 judgment entry, the trial court found appellant guilty of assault and sentenced him to ten days in jail, ten days suspended, placed him on probation for six months, ordered that he have no contact with Stewart or Lee, and fined him $100. Appellant's sentence was stayed pending appeal. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:[1]
 {¶ 14} "The trial court erroneously found [appellant] guilty of assault when it applied the law for the affirmative defense for the use of deadly force, although deadly force was not at issue."
 {¶ 15} In his sole assignment of error, appellant argues that the trial court erred by finding him guilty of assault when it applied the law for the affirmative defense of self-defense for the use of deadly force because deadly force was not an issue. Appellant maintains that he had no duty to retreat before using force that was not deadly force.
 {¶ 16} Assault, as codified in R.C. 2903.13(A) provides: "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *."
 {¶ 17} R.C. 2901.22(B) states: "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 18} This court stated in State v. Mogul (May 15, 1998), 11th Dist. Nos. 97-T0-018 and 97-T-0067, 1998 Ohio App. LEXIS 2186, at 8-12:
 {¶ 19} "To establish a claim of self-defense, an accused must demonstrate the following: (1) he was not at fault in creating the situation giving rise to the affray; (2) he had a bona fide belief that he was in imminent danger of bodily harm; and (3) he did not violate any duty to retreat or avoid the danger. Statev. Melchior (1978), 56 Ohio St.2d 15, 20-21 * * *. The Supreme Court of Ohio has consistently adhered to the view that these requirements comprise the elements of a valid claim of self-defense. See, e.g., State v. Thomas (1997),77 Ohio St.3d 323, 326 * * *; State v. Williford (1990), 49 Ohio St.3d 247,249 * * *; State v. Jackson (1986), 22 Ohio St.3d 281, 283
* * *; State v. Robbins (1979), 58 Ohio St.2d 74, 79-80 * * *.
 {¶ 20} "An individual who is without fault may defend himself by using either deadly or nondeadly force. Akron v. Dokes
(1986), 31 Ohio App.3d 24, 25 * * *. The degree of force permitted depends upon what is reasonably necessary to protect that individual from the imminent use of unlawful force. Id. In other words, one may use a commensurate amount of force as the circumstances require to protect oneself against an attack.
 {¶ 21} "In cases involving the use of nondeadly force, there is no requirement that a person retreat to avoid the danger, even if such retreat is possible. State v. Perez (1991),72 Ohio App.3d 468, 472 * * *; Columbus v. Dawson (1986),33 Ohio App.3d 141, 142 * * *. Since there is no duty to retreat in a case involving nondeadly force, the accused must simply satisfy the two remaining elements of a valid self-defense claim, to wit: he was not at fault in creating the situation, and he had a genuine belief that he was in imminent danger of bodily harm.
 {¶ 22} "Self-defense is an affirmative defense within the meaning of R.C. 2901.05(C)(2). A defendant, therefore, has the burden of proving self-defense by a preponderance of the evidence. R.C. 2901.05(A); Williford at 249; Jackson at 283.
 {¶ 23} "* * *
 {¶ 24} "The test for determining whether a defendant has met his or her burden of production is `"whether the defendant has introduced sufficient evidence, which, if believed, would raise a question in the minds of reasonable men concerning the existence of such issue."' Robbins at 80, quoting Melchior at paragraph one of the syllabus. * * * The inquiry into whether a defendant has introduced sufficient evidence to raise an affirmative defense under R.C. 2901.05 is a question of law. As a result, an appellate court will apply a de novo standard of review on appeal." (Parallel citations omitted).
 {¶ 25} In the case at bar, the trial court stated the following after closing arguments:
 {¶ 26} "* * * Mr. Johnson, I can't get passed the fact that you could have just left. I'm not at all convinced you had to stay there. I'm not at all convinced you had to throw [Stewart] to the ground.
 {¶ 27} "You go up to confront a middle-aged guy with two of your buddies in the car. You're all young and healthy. You had this confrontation. It turned into an argument. At any point you could have turned and you could have left. Even if he takes a wild swing at you and it doesn't connect, you still could have turned and left.
 {¶ 28} "You're not running away. You're just showing good judgment at that point. So I find you guilty of assault. * * *"
 {¶ 29} This court does not view the trial judge's comments at the conclusion of the bench trial as an inappropriate application of the affirmative defense of self-defense in a deadly force situation which would involve a duty to retreat. We deem his comments to have meant that the ensuing situation could simply have been avoided if appellant would have deported Stewart's residence after learning the location of his son.
 {¶ 30} Although appellant is correct that he had no duty to retreat since nondeadly force was involved, a review of the record shows that he failed to satisfy either of the two remaining elements of a valid self-defense claim.
 {¶ 31} First, appellant had to establish that he was not at fault in creating the situation. The testimony at trial was undisputed with respect to the fact that appellant went with two of his buddies to Stewart's home looking for his son; conversed with Stewart on the front porch; and called Stewart's daughter a "bitch." We do not believe that the trial court erred by determining that appellant was the aggressor.
 {¶ 32} Second, appellant failed to prove that he possessed a bona fide belief that he was in imminent danger of bodily harm. Again, Stewart testified that he not only did not use or threaten to use force against appellant, but that he actually tried to walk away from the encounter. In the way of corroboration, Lee testified that Stewart attempted to go back into the house but appellant grabbed him. Lee saw appellant slam Stewart to the ground, was on top of him, and punched him two or three times. Also, Officer Alamo noticed visible injuries on Stewart, but did not notice any on appellant. We stress that appellant conceded on cross-examination that although Stewart "swung" at him, he never touched or hit him. The reality is that appellant is really arguing provocation, which is not an issue in self-defense.Mogul, supra, at 14. We believe the trial court properly found that appellant's supposed "fear" that Stewart was going to strike him was not a genuine or bona fide belief that he was in imminent danger of bodily harm. The trial court obviously determined that appellee's evidence was more credible than appellant's.
 {¶ 33} Thus, the trial court did not err in finding appellant guilty of assault in violation of R.C. 2903.13(A).
 {¶ 34} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Painesville Municipal Court is affirmed.
Rice, J., O'Toole, J., concur.
[1] We note that appellee did not file an appellate brief.