[Cite as *State v. Elam*, 2022-Ohio-1895.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2021-08-106 |
| Appellee, | : | O P I N I O N<br>6/6/2022 |
| | : | |
| - vs - | : | |
| | : | |
| ELIZABETH R. ELAM, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 21 CRB 08 0106

Vaughn Stupart, City of Hamilton Prosecuting Attorney, for appellee.

Christopher P. Frederick, for appellant.

**M. POWELL, P.J.**

{¶ 1}   Appellant, Elizabeth Elam, appeals her conviction in the Hamilton Municipal Court for assault.

{¶ 2}   Appellant was charged by complaint with assault following a September 7, 2020 physical altercation between appellant and Stephanie Chandler during which Chandler grabbed appellant by the neck and pushed her against a house and appellant punched Chandler several times.  As a result of the altercation, Chandler suffered a

fractured tailbone, a sprained wrist, and a mild concussion; appellant had several scratches on her neck and a knot on her forehead. The matter proceeded to a bench trial on June 22, 2021. Chandler and two neighbors testified on behalf of the state. Appellant testified on her own behalf. A videorecording of the incident from Chandler's security camera was played in court and admitted into evidence.

{¶ 3} At the time of the incident, appellant was residing with her friend Allison in Allison's home, next door to Chandler's house. On the evening of September 7, 2020, Allison informed appellant that she had to move out. Appellant believed this was because Chandler had told Allison's fiancé that appellant was bringing men into Allison's home. Angry about the situation, appellant went to Chandler's home at 11:07 p.m. to confront her. Appellant knocked on Chandler's door, Chandler answered the door, and appellant asked her to come out. A verbal altercation ensued during which appellant yelled and called Chandler a "fucking bitch" and a "cunt." Chandler did not know appellant and had never spoken to her, did not know what appellant was talking about, and asked her to leave multiple times. The verbal altercation eventually turned physical after Chandler grabbed appellant by the neck and pushed her against the house. Appellant started swinging. The two women eventually fell to the ground in the front yard. Appellant punched Chandler several times during the physical altercation. The altercation ended when the two neighbors, a couple living catty-corner from Chandler, intervened. The neighbors only witnessed part of the physical altercation.

{¶ 4} Appellant and Chandler presented two different versions of the incident, including which woman hit first. Chandler testified that during the verbal altercation, appellant's aggression was escalating and that she threatened to beat up Chandler several times. Appellant then punched Chandler in the face, "[c]losed fist, swinging, right hook." Chandler responded by grabbing appellant by her throat and holding her against the house.

After the videorecording was played, Chandler maintained that appellant hit her first. On cross-examination, Chandler testified that appellant hit her first with her left hand.

{¶ 5} Appellant testified the verbal escalation turned physical when Chandler punched her. Appellant maintained that Chandler struck the first blow. Appellant explained that she was looking at her phone and trying to step around Chandler when Chandler grabbed her by the throat, slammed her into the house, and then hit her. Thereafter, appellant struck Chandler in self-defense. Appellant claimed she continued to hit Chandler in self-defense because Chandler would not let her go.

{¶ 6} At the conclusion of the case, the trial court took the matter under advisement. On July 30, 2021, the trial court found appellant guilty of assault. In rejecting appellant's claim of self-defense, the trial court found that

> Ms. Chandler was in her house and she came out and she told the Defendant to leave and the Defendant didn't leave. And what we can see from the video – and the defense was, Ms. Chandler hit her first.
>
> But from the case law, it's clear that whether someone hit someone else first, that's not the legal standard for self-defense. Instead, self-defense is * * * whether the Defendant was not at fault at creating the situation, or that she had a bona fide belief that she was in imminent danger, and that [the Defendant's] only means to protect herself from such danger was the use of force.
>
> * * *
>
> [T]his is a case where someone is going to a stranger's house late at night to angrily confront them and then the fight happens. Well, when this happened, I think that you could clearly say that the Defendant was at fault in creating the situation that gave rise to the affray.

{¶ 7} Appellant now appeals, raising one assignment of error:

{¶ 8} APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 9} Appellant argues her assault conviction is against the manifest weight of the

- 3 -

evidence because the state failed to disprove she acted in self-defense. Specifically, appellant asserts it was error for the trial court to find she was at fault in creating the situation because Chandler was the aggressor who escalated the situation into a physical altercation when she grabbed appellant by the throat, pushed her against the house, and then hit her.

{¶ 10} A manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Clemmons*, 12th Dist. Butler No. CA2020-01-004, 2020-Ohio-5394, ¶ 15. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.*

{¶ 11} Questions regarding witness credibility and weight of the evidence are primarily matters for the trier of fact to decide because the trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given the evidence. *Id.* at ¶ 16. An appellate court, therefore, will overturn a conviction due to the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*; *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52.

{¶ 12} Appellant was convicted of assault in violation of R.C. 2903.13(A), which provides, "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." Pursuant to R.C. 2901.22(B), "[a] person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature."

{¶ 13} In addition to the elements of assault set forth above, the state also had the burden of proving beyond a reasonable doubt that the accused did not act in self-defense.

- 4 -

*See* R.C. 2901.05(B)(1) (effective March 28, 2019). In a case involving the use of nondeadly force, an accused is justified in using force against another if (1) she was not at fault in creating the situation giving rise to the altercation and (2) she had reasonable grounds to believe and an honest belief, even though mistaken, that she was in imminent danger of bodily harm and her only means to protect herself from the danger was by the use of force not likely to cause death or great bodily harm. *Clemmons*, 2020-Ohio-5394 at ¶ 22. Pursuant to amended R.C. 2901.05, the state only had to "disprove one of the elements of self-defense beyond a reasonable doubt." *Id.*

{¶ 14} After thoroughly reviewing the record, we find that the trial court did not lose its way and create a manifest miscarriage of justice in finding appellant guilty of assault. "[T]he first element of a self-defense claim does not require in all situations that the [defendant] must have refrained from throwing the first punch" or a showing that the defendant played no part in creating the situation giving rise to the affray. *State v. Nichols*, 4th Dist. Scioto No. 01CA2775, 2002 Ohio App. LEXIS 329, *9 (Jan. 22, 2002); *State v. Gillespie*, 172 Ohio App.3d 304, 2007-Ohio-3439, ¶ 17 (2d Dist.). Rather, the first element of a self-defense claim provides that the defendant must not be at fault in creating the situation that gave rise to the affray. *Nichols* at *9-10. This concept is broader than simply not being the immediate aggressor. *Id.* at *10. A person may not provoke an assault or voluntarily enter an encounter and then claim a right of self-defense. *Id.*; *State v. Lewis*, 12th Dist. Butler No. CA2019-07-128, 2020-Ohio-3762, ¶ 27.

{¶ 15} Even if Chandler grabbed appellant by the neck and pushed her against the house and, under appellant's version, appellant did not throw the first punch, the trial court did not err in finding that appellant was at fault in creating the situation. By her own admission, appellant, a stranger to Chandler, initiated the encounter by knocking on Chandler's door at 11:07 p.m. and angrily confronted her, calling her a "fucking bitch" and

a "cunt." *State v. Johnson*, 11th Dist. Lake No. 2005-L-103, 2006-Ohio-2380 (defendant was at fault in creating the situation when he went to the victim's home looking for his son, conversed with the victim on the front porch, and called the victim's daughter a "bitch"); *Nichols*, 2002 Ohio App. LEXIS 329 (defendant was at fault in creating the situation when he left a tavern seeking to locate and engage the victim and followed the victim to the parking lot). Ohio courts have long recognized that a defendant is at fault in creating the situation giving rise to the affray when the defendant chooses to confront the victim or knowingly go to a place where the victim will be, even when the defendant's action was otherwise completely lawful. *State v. Ellis*, 10th Dist. Franklin No. 11AP-939, 2012-Ohio-3586, ¶ 15.

{¶ 16} Accordingly, as the state proved beyond a reasonable doubt that appellant created the situation giving rise to the altercation and knowingly caused physical harm to Chandler by punching her multiple times, we find that appellant's assault conviction is not against the manifest weight of the evidence. Appellant's assignment of error is overruled.

{¶ 17} Judgment affirmed.

S. POWELL and BYRNE, JJ., concur.