[Cite as *State v. Parrish*, 2020-Ohio-4807.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190379 |
| | | TRIAL NO. 19CRB-8179 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| STACY PARRISH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: October 7, 2020

*Paula Boggs Muething*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Meagan D. Woodall*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Krista Gieske*, Assistant Public Defender, for Defendant-Appellant.

**WINKLER**, **Judge**.

{¶1}    Defendant-appellant Stacy Parrish was convicted of domestic violence in violation of R.C. 2919.25.  We reverse her conviction and remand for further proceedings because the trial court failed to apply the new burden-shifting provision of the self-defense statute at her trial.

## Background Facts and Procedure

{¶2}    Parrish was charged with domestic violence for hitting her husband Franklin Howard on April 5, 2019.  A bench trial was held in June 2019.  Parrish did not testify, but she presented testimony from Grace Porter, Howard's neighbor, to support a self-defense claim involving the justified use of nondeadly force.  The trial court found Parrish guilty of the offense and told Parrish, "[Y]ou prove self-defense, not them.  They don't have to disprove it."  Parrish now appeals, raising four assignments of error.

## Change to Statute Governing Self-Defense Claims

{¶3}    In her first assignment of error, Parrish argues her conviction must be reversed because the trial court did not evaluate her self-defense claim under the amended version of R.C. 2901.05(B)(1), which changed Ohio's treatment of self-defense claims.  According to Parrish, the amendment both reduced the defendant's burden to raise the issue of self-defense and placed a burden of disproving the defense on the prosecution.

{¶4}    The defense of self-defense may exonerate an accused's admitted use of force.  R.C. 2901.05(B)(1).  Under the common law, a defendant was required to meet two burdens related to this affirmative defense:  the burden of proof—establishing justification by a preponderance of the evidence—and the inherent procedural burden of going forward with evidence of justification.  *See State v. Crawford*, 1st Dist. Hamilton No. C-790221, 1981 WL 9909, *3 (July 15, 1981), cited in *State v. Gloff*, 2020-Ohio-3143, ____ N.E.3d ____, ¶ 25 (12th Dist.).

{¶5} Ohio followed the traditional common-law treatment until January 1974, the effective date of Ohio's criminal code. *Crawford* at *3. From 1974 until November 1978, Ohio statutory law separated the "burden of going forward with the evidence of an affirmative defense" from the burden of proof by a preponderance of the evidence, and placed only the burden of going forward with evidence on the defendant. *See* former R.C. 2901.05(A); *Crawford* at *3.

{¶6} Ohio "re-established" the common-law treatment for affirmative defenses in 1978, when former R.C. 2901.05(A) was amended. *Crawford* at *4. Thus, for all affirmative defenses, including self-defense, the defendant shouldered the "burden of going forward with the evidence," and the "burden of proof by a preponderance of the evidence." Former R.C. 2901.05(A).

{¶7} R.C. 2901.05 was again modified in late 2018 to change the treatment for the use of force in self-defense, defense of another, and defense of residence. R.C. 2901.05(A) now contains the italicized portions:

> The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, *for an affirmative defense other than self-defense, defense of another, or defense of the accused's residence as described in division (B)(1) of this section*, is upon the accused.

R.C. 2901.05(A), 2018 Ohio Laws File 159, 2017 Am.Sub.H.B. No. 228.

{¶8} Additionally, former R.C. 2901.05(B)(1) was renumbered to (B)(2), and the following language was added in its place:

> If, at the trial of a person who is accused of an offense that involved the person's use of force against another, there is evidence presented that tends

to support that the accused person used the force in self-defense, defense of another, or defense of that person's residence, the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense, defense of another, or defense of that person's residence, as the case may be.

R.C. 2901.05(B)(1), 2018 Ohio Laws File 159, 2017 Am.Sub.H.B. No. 228. The effective date of these amendments is March 28, 2019, after the commission of the domestic violence charged in this case.

{¶9} The state concedes that the trial court erred by failing to apply the amended version of R.C. 2901.05(B)(1) in this case. The state argues, however, that the proper course is to remand the cause to permit the trial court to apply the amended version of the statute. According to the state, the trial court should determine in the first instance whether Parrish met her burden of presenting evidence that "tends to support" her claim of self-defense, and if so, whether the state disproved beyond a reasonable doubt that Parrish had acted in self-defense.

### Harmless-Error Standard

{¶10} This court will not reverse a conviction where the trial court's error was harmless. Crim.R. 52(A). Thus, contrary to the state's position, this court must determine whether Parrish met her burden of production under the amended statute. If Parrish failed as a matter of law to meet her burden of production, then there is nothing to send back to the fact finder. *See, e.g., State v. Cross*, 58 Ohio St.2d 482, 485, 391 N.E.2d 319 (1979); *State v. Melchior*, 56 Ohio St.2d 15, 381 N.E.2d 195 (1978), paragraph two of the syllabus.

{¶11} Parrish contends that the defendant has a reduced burden to place at issue the use of force in self-defense. She argues the phrase "tends to support" in R.C. 2901.05(B)(1) defining the defendant's burden implies a lesser burden of production than under prior law. The state seems to agree with Parrish's position, but other appellate districts have held otherwise. *See State v. Jacinto*, 2020-Ohio-3722, ___ N.E.3d ___, ¶ 49 (8th Dist.); *State v. Petway*, 2020-Ohio-3848, ___ N.E.3d ___, ¶ 69 (11th Dist.); *State v. Tolle*, 4th Dist. Adams No. 19CA1095, 2020-Ohio-935, ¶ 24, *appeal not accepted*, 159 Ohio St.3d 1437, 2020-Ohio-3634, 148 N.E.3d 593.

{¶12} The *Petway* court noted that "tends to support" is a "legal term of art" with a qualitative component that "is not substantively different" than the defendant's burden "of going forward with evidence" of the defense, the undisputable applicable standard before the 2018 amendment. *Petway* at ¶ 62-69.

{¶13} We agree with the reasoning of the *Petway* court, and add that division (B)(1) of R.C. 2901.05 must be read in context with the entire statute, including division (A). *See* R.C. 1.42. The General Assembly amended the language of division (A) of R.C. 2901.05 in Am.Sub.H.B. 228 to eliminate the defendant's burden of proving by a preponderance of the evidence the substance of self-defense, defense of others, and defense of residence, but it did not alter a defendant's procedural burden "of going forward with the evidence" with regard to those affirmative defenses or affirmative defenses in general.

{¶14} Thus, the recent changes to R.C. 2901.05, including the addition of the "tends to support" language in division (B)(1), does not change the accused's burden of production with respect to self-defense. The phrase "tends to support" in R.C. 2901.05(B)(1) places a procedural burden on the defendant synonymous with the

defendant's procedural burden set forth in R.C. 2901.05(A) and defined under prior case law. The defendant must adduce evidence from whatever source that, when viewed in the light most favorable to the defendant, is sufficient to cast a reasonable doubt as to guilt. *See State v. Melchior*, 56 Ohio St.2d 15, 381 N.E.2d 195 (1978), paragraph one of the syllabus. ("The proper standard for determining in a criminal case whether a defendant has successfully raised an affirmative defense under R.C. 2901.05 is to inquire whether the defendant has introduced sufficient evidence, which, if believed, would raise a question in the minds of reasonable [fact finders] concerning the existence of such issue."); *State v. Robinson*, 47 Ohio St.2d 103, 111, 351 N.E.2d 88 (1976) (" 'The trial court must first, viewing that evidence [from whatever source] in the light most favorable to the defendant, determine whether or not it is adequate to raise the self-defense issue, and, if believed, would under the legal tests applied to a claim of self-defense permit a reasonable doubt as to guilt, stemming from that claim, to arise.' ").

{¶15} Here, the record contains evidence that, when considered in the light most favorable to Parrish, would have raised the question of self-defense in the mind of a reasonable fact finder. *See Melchior; Robinson; see also State v. Salaam*, 2015-Ohio-4552, 47 N.E.3d 495, ¶ 15 (1st Dist.) (setting forth the elements of the use of nondeadly force in self-defense.). It is undisputed that Parrish and her husband were estranged and did not have a custody order in place when Parrish arrived at her husband's apartment to pick up one of their daughters. The husband's testimony concerning the daughter's reaction to Parrish, Parrish's actions before taking the child, and whether Parrish was the aggressor conflicted with the testimony of the husband's neighbor. That neighbor also testified that Parrish's husband "always wanna put his hands on her" when Parrish comes by the apartment. Finally, there is evidence that Parrish did not use more force than

necessary to end the threat of harm. Her husband testified that she left only a red mark on his face, and the responding police officer did not recall any sign of injury.

{¶16} Thus, Parrish went forward with evidence "of a nature and quality sufficient to raise the defense" of self-defense. *See Melchior*, at paragraph two of the syllabus. The state had the burden of disproving beyond a reasonable doubt that Parrish had acted in self-defense. Consequently, we hold the error is not harmless and requires a reversal of Parrish's conviction. Accordingly, we sustain the first assignment of error. Our disposition of the first assignment of error renders the remaining assignments of error moot, and we do not address them. *See* App.R. 12(A)(1)(c).

### Proceedings on Remand

{¶17} The state argues that the proper remedy is not a reversal and remand for a new trial. It takes the position that the proper remedy is for the trial court to apply the new standard using the facts already gleaned a trial. The state implicitly takes the position that the trial court can apply the new standard to the testimony and other evidence previously presented, using the transcripts from the previous proceeding.

{¶18} Generally, in any criminal case where this court finds error prejudicial to the appellant not involving the manifest weight of the evidence, but the appellant is not entitled to judgment as a matter of law, the court of appeals must reverse the judgment of the trial court and remand the cause for "further proceedings." *See* App.R. 12(D); Painter and Pollis, *Ohio Appellate Practice*, Section 7:23 (2019-2020). We typically do not specify the nature of the further proceeding, unless the trial court's discretion to implement our mandate is limited.

{¶19} Our practice of a general remand order is consistent with the practice of other appellate districts. *See, e.g., State v. Chaffin*, 2d Dist. Montgomery No. 25220,

2014-Ohio-2671, ¶ 13 (7th Dist.); *In re Contempt of Scaldini*, 8th Dist. Cuyahoga No. 94893, 2011-Ohio-822, ¶ 17; *Lorain v. Pendergrass*, 9th Dist. Lorain No. 04CA008437, 2004-Ohio-5688, ¶ 10.

{¶20} The burden of proof is a critical element of factfinding, but in this case, the trial court has discretion as to the nature of the further proceedings at which it must apply the burden of proof found in the amended version of R.C. 2901.05(B)(1). A new trial proceeding would be required to preserve a defendant's jury trial right, but here Parrish waived her right to a jury trial. Also, a new trial proceeding would be required to remedy error at a bench trial when there is a likelihood that the trial court's application of an incorrect legal standard prevented the introduction of evidence of an affirmative defense. *See State v. Pepin-McCaffrey*, 186 Ohio App.3d 548, 2010-Ohio-617, 929 N.E.2d 476, ¶ 45 (7th Dist.). In this case, there is no likelihood that the trial court's error had that effect. Further, a new trial proceeding would necessarily be required if the case were assigned to a different judge, one that had not been able to evaluate the credibility of the witnesses during the prior trial proceeding.

{¶21} In *State v. Kerrigan*, the trial court applied an incorrect legal standard to evaluate the evidence in a bench trial involving a prosecution for the illegal use of a minor in nudity-oriented material. *State v. Kerrigan*, 168 Ohio App.3d 455, 2006-Ohio-4279, 860 N.E.2d 816 (2d Dist.). The appellate court held the error required a reversal of the conviction, but not necessarily a new trial proceeding, because the error involved the finding of guilt but not the trial proceedings before the guilty finding. *Id.* at ¶ 70. The appellate court instructed the trial court on remand to reconsider whether the defendant had violated the statute, applying the correct law, and added that "the trial court is not

required to retry this case, although the trial court is permitted to do so if it should find it necessary or desirable to retry the case." *Id.*

**{¶22}** This case is similar to *Kerrigan*, in that the error involved the finding of guilt in a bench trial but not the trial proceedings before the guilty finding. The trial court must consider the evidence presented at trial under the appropriate standard, determining whether the state proved beyond a reasonable doubt that Parrish did not use the admitted force in self-defense. The trial court may find it necessary or desirable to retry the case for various reasons, including the effect the passage of time has on one's memory. Although we approve of the more specific remand language used in *Kerrigan*, we prefer to use the general "further proceedings" language of App.R. 12(D), consistent with our customary practice.

### Conclusion

**{¶23}** We sustain Parrish's first assignment of error, because the trial court failed to apply the amended version of the self-defense statute and that error was not harmless. Parrish's conviction is reversed, and this cause is remanded to the trial court for further proceedings consistent with the law and this opinion.

Judgment accordingly.

**MOCK, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.