[Cite as *State v. Ralls*, 2022-Ohio-2110.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :          APPEAL NO. C-210410
                                             TRIAL NO. B-1906287
    Plaintiff-Appellee,          :

  vs.                            :          *O P I N I O N.*

                                  :

JOSEPH MARIO RALLS,

    Defendant-Appellant.         :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 22, 2022


*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Krista M. Gieske*, Assistant Public Defender, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}   A simmering feud regarding a $50 debt ultimately ended Thomas Bibbs, Jr.'s life after defendant-appellant Joseph Mario Ralls shot and killed him.  In this direct appeal from Mr. Ralls' conviction for felony-murder, he contends that the trial court committed various errors related to his affirmative defense of self-defense.  For the following reasons, however, we find his arguments unavailing, and affirm the trial court's judgment.

I.

{¶2}   On the night of the shooting, Mr. Ralls received a car ride to Norwood to pick up some of his personal belongings from a friend's house.  Unbeknownst to Mr. Ralls, when he arrived, Mr. Bibbs sat in a vehicle parked across the street with two companions, apparently waiting for him.  Although Mr. Ralls and Mr. Bibbs were close friends at one time, relations between the two had soured because of a $50 debt Mr. Ralls owed Mr. Bibbs.

{¶3}   As Mr. Ralls exited the vehicle and began walking towards his friend's house, Mr. Bibbs jumped out of his car to confront him.  Factual disputes exist regarding Mr. Bibbs' body language and behavior as he approached Mr. Ralls.  Mr. Ralls insists that Mr. Bibbs ran up to him in a hostile manner, but the driver of Mr. Ralls' vehicle testified that Mr. Bibbs only briskly walked up to Mr. Ralls to greet him.  Testimony likewise conflicted on whether Mr. Bibbs made any threatening statements as he approached his erstwhile friend.  Mr. Ralls testified that Mr. Bibbs shouted "you're dead," but the driver of Mr. Bibbs' vehicle countered that Mr. Bibbs simply conveyed, "what's up man?"  In any case, moments later, a loud verbal exchange between the pair ensued.  In the midst of all of this, Mr. Ralls pulled out his handgun and fired a single shot at Mr. Bibbs that proved fatal.  Mr. Ralls then raced back to his vehicle, admonishing the driver to drive away.

{¶4}   Mr. Ralls was eventually arrested and the case proceeded to a bench trial.  At trial, Mr. Ralls maintained that he shot Mr. Bibbs in self-defense, but the trial court found

otherwise, convicting him of felony-murder and possession of a weapon under disability. The trial court thus imposed an aggregate sentence of 18 years to life. Mr. Ralls now appeals his conviction for felony-murder, raising four assignments of error.

II.

{¶5} For his first assignment of error, Mr. Ralls alleges that the trial court misapplied R.C. 2901.05(B) to his self-defense theory. Namely, he insists that the trial court violated R.C. 2901.05(B) by improperly imposing the burden of persuasion on him with respect to his self-defense theory.

{¶6} "The elements of self-defense in the use of deadly force are: (1) the defendant was not at fault in creating the situation giving rise to the affray; (2) the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such a danger was in the use of such force; and (3) the defendant did not violate any duty to retreat or avoid the danger." *State v. Neal*, 1st Dist. Hamilton No. C-210166, 2022-Ohio-1290, ¶ 18.

{¶7} R.C. 2901.05(B) provides "[i]f, at the trial of a person who is accused of an offense that involved the person's use of force against another, there is evidence presented that tends to support that the accused person used the force in self-defense * * * the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense * * *." We have explained that "[t]he General Assembly * * * amended R.C. 2901.05 to shift the burden of persuasion * * *. However, the amended statute does not affect the burden of production—it remains with the defendant. * * * As a result, the prosecution does not assume the burden of persuasion until the defendant first meets his burden of production." *State v. Williams*, 1st Dist. Hamilton No. C-190380, 2020-Ohio-5245, ¶ 7. Furthermore, "[i]t is well-settled that the burden of going forward with evidence is met when the evidence, if true, 'would raise a question in the minds of reasonable jurors

3

concerning the existence of such issue.' " *Id*. at ¶ 9, quoting *State v. Melchior*, 56 Ohio St.2d 15, 381 N.E.2d 195 (1978), paragraph one of the syllabus. In other words, "[t]o meet the burden of production, the defendant must produce evidence that, 'when viewed in the light most favorable to the defendant, is sufficient to cast a reasonable doubt as to guilt.' " *Neal* at ¶ 20, quoting *State v. Parrish*, 1st Dist. Hamilton No. C-190379, 2020-Ohio-4807, ¶ 14. "We review de novo whether the trial court applied the proper legal standard and whether evidence of self-defense sufficed to shift the burden of persuasion to the prosecution." *Williams* at ¶ 5.

{¶8} Mr. Ralls posits that he met his burden of production by establishing that Mr. Bibbs (1) ran up to him, (2) uttered the threat "you're dead," (3) was known to be violent, (4) was known to carry weapons, (5) had threatened his life in prior weeks, and (6) was under the influence of methamphetamine. Viewing this evidence in the light most favorable to the defense, this constellation of facts seems to satisfy the burden of production as to the second and third elements of self-defense, and there is no dispute that Mr. Ralls met the first element of self-defense. Thus, on the record at hand, we presume that Mr. Ralls satisfied his burden of production, which shifted the burden of persuasion to the state.

{¶9} With that backdrop, however, we see nothing in the record to substantiate his claim that the trial court failed to shift the burden of persuasion to the state. Mr. Ralls concedes that the trial court correctly recited the law under R.C. 2901.05(B). Moreover, the trial court found that Mr. Ralls violated the duty to retreat "beyond a reasonable doubt," which suggests that the trial court believed that Mr. Ralls met his burden of production, and thus properly shifted the burden of persuasion to the state (because there would be no need to make a "beyond a reasonable doubt finding" absent a shift of the persuasion burden). Mr. Ralls notes that the trial court relied on the absence of evidence corroborating his testimony to reject his self-defense theory, but this merely establishes that the trial court found that his testimony lacked credibility. The evidence on the crucial moments leading up to the gun shot

was in dispute, and the trial court certainly could have doubted Mr. Ralls' account. In any event, we see nothing in the record to hint at a legal error committed by the trial court here. Because the record does not substantiate his claim that the trial court misapplied the law under R.C. 2901.05(B), we presume the regularity of proceedings and overrule Mr. Ralls' first assignment of error. *Williams*, 1st Dist. Hamilton No. C-190380, 2020-Ohio-5245, at ¶ 10 ("In a bench trial, where the record contains no substantiation that the trial court applied the wrong standard, we may presume regularity of the proceedings."). We accordingly overrule the first assignment of error.

III.

{¶10} Mr. Ralls' second assignment of error maintains that his conviction runs afoul of the manifest weight of the evidence because the evidence weighs heavily in favor of finding that he acted in self-defense. In reviewing whether a conviction runs counter to the manifest weight of the evidence, we sit as a "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). We will reverse the trial court's decision to convict and grant a new trial only in " 'exceptional cases in which the evidence weighs heavily against the conviction.' " *State v. Sipple*, 2021-Ohio-1319, 170 N.E.3d 1273, ¶ 7 (1st Dist.), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). We will only reverse if the trial court " 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.*, quoting *Martin* at 175.

{¶11} The trial court found that the state negated, beyond a reasonable doubt, the second and third elements of self-defense. Mr. Ralls submits that the evidence weighs heavily in favor of finding that the second element of self-defense was established (i.e., objectively reasonable fear of imminent serious bodily harm or death) because Mr. Bibbs (1) was known to engage in acts of violence, (2) was physically larger than him, (3) had been threatening him over the two weeks preceding the confrontation, (4) ran up to him, and (5) yelled "you're

dead" as he intercepted him. As for Mr. Ralls' claims that Mr. Bibbs had been threatening him over the prior weeks, ran up to him, and said "you're dead," the trial court found that the only evidence supporting these allegations was Mr. Ralls' testimony, which the trial court did not believe. We see no basis for overturning these credibility determinations. *State v. Robinson*, 12th Dist. Butler No. CA2018-08-163, 2019-Ohio-3144, ¶ 29 (" 'When conflicting evidence is presented at trial, [an adjudication] is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony.' "), quoting *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 17. And although Mr. Bibbs' history of violence and size weigh in favor of finding that Mr. Ralls had an objectively reasonable fear of imminent serious bodily harm, they do not weigh so heavily in that direction that the trial court clearly lost its way in finding that Mr. Ralls lacked an objectively reasonable fear of imminent serious bodily harm.

{¶12} Mr. Ralls also criticizes the trial court's finding that he violated the duty to retreat. The trial court found that Mr. Ralls violated the duty to retreat because he could have run away from Mr. Bibbs or brandished the firearm as a warning without firing. Mr. Ralls maintains that retreat was infeasible because he had no reason to assume that he could outrun the larger Mr. Bibbs or that Mr. Bibbs would act rationally after he brandished the weapon. Mr. Ralls also emphasizes that he had but an instant to react to Mr. Bibbs' approach. Although these are reasons that might weigh in favor of finding that he complied with the duty to retreat, Mr. Ralls has failed to establish that this is an extraordinary case where the evidence weighs heavily against the finding that he violated the duty to retreat. Accordingly, we overrule Mr. Ralls' second assignment of error.

IV.

{¶13} In his third assignment of error, Mr. Ralls contends that the trial court erred by failing to consider the affirmative defense of imperfect self-defense. The imperfect self-defense doctrine "allows evidence of a good faith mistake to negate the mental state required for homicide * * * and reduce the charge from murder or first-degree homicide to voluntary manslaughter." Imperfect Self-Defense, *The Wolters Kluwer Bouvier Law Dictionary*, (Desk Ed.2012). Mr. Ralls did not raise this issue below, and thus we review for plain error. Crim.R. 52(B) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").

{¶14} Mr. Ralls concedes that Ohio law does not recognize the imperfect self-defense doctrine, but nevertheless invites the court to follow the minority of states that have adopted this approach. *State v. Goff*, 4th Dist. Lawrence No. 11CA20, 2013-Ohio-42, ¶ 1 ("Ohio does not recognize the imperfect self-defense doctrine."). We cannot find that the trial court committed plain error in failing to break new ground in adopting a novel legal doctrine, and we consequently decline Mr. Ralls' invitation to recognize a new defense in Ohio law when counsel failed to raise this matter below. Accordingly, we overrule Mr. Ralls' third assignment of error.

V.

{¶15} Finally, Mr. Ralls maintains that the trial court committed plain error by failing to overtly consider the lesser included offenses of voluntary manslaughter, involuntary manslaughter, and reckless homicide before convicting him of felony-murder.

{¶16} Mr. Ralls cites no authority for the proposition that, in a bench trial, the trial court must overtly consider lesser-included offenses before convicting the defendant of the greater offense. In fact, Ohio courts recognize that: "in a bench trial the trial court is presumed to have considered any lesser included offense warranted by the evidence. * * * Consequently, whether or not the trial court considered a lesser included offense is essentially

7

irrelevant once the court determined that all the elements of murder had been proven." *State v. Johnson*, 7th Dist. Mahoning No. 00 CA 131, 2001-Ohio-3506, ¶ 46-48; *State v. Lloyd*, 12th Dist. Warren Nos. CA2007-04-052 and CA2007-04-053, 2008-Ohio-3383, ¶ 34 ("Because the evidence at trial did not support an acquittal on the murder charge, we find no error in the trial court's alleged failure to consider the lesser included offense of involuntary manslaughter."). Since we find that sufficient evidence supported the felony-murder conviction, any consideration of the lesser included offenses would have been superfluous here and we find no error in the trial court's failure to discuss those offenses. *Johnson* at ¶ 48. We thus overrule Mr. Ralls' fourth assignment of error.

\*        \*        \*

{¶17} In light of the foregoing, we overrule Mr. Ralls' four assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**MYERS, P. J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.