[Cite as *State v. Hawkins*, 2024-Ohio-1253.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230489 |
| | | TRIAL NO. 23CRB-1468 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| KAELIN HAWKINS, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 3, 2024

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Monica Windholtz*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Jon R. Sinclair*, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} In response to the Ohio General Assembly shifting the burden of proof in self-defense cases from the defendant to the prosecution, Ohio added Crim.R. 12.2, which requires the defendant to file a written notice, prior to trial, providing their intent to raise a self-defense argument. Here, defendant-appellant Kaelin Hawkins claims that the trial court erred by declaring his self-defense arguments "waived" because he failed to file the requisite notice. He also faults his defense counsel as ineffective for failing to follow Crim.R. 12.2. But even if an error arose by virtue of the missing notice, he still must show prejudice flowing from that flaw in the trial process. Because the trial court allowed evidence of Mr. Hawkins's self-defense arguments notwithstanding the lack of notice and weighed it prior to announcing its guilty verdict, we ultimately find no prejudice on this record. We accordingly affirm the judgment of the trial court convicting him of misdemeanor assault.

I.

{¶2} In January 2023, Ariel Bahuguna, Jeremy Hill, and about five other friends were drinking and dancing at The Drinkery, a bar in Cincinnati's Over-the-Rhine neighborhood. Eventually, they wound up in a physical tangle outside the bar during which another patron, Mr. Hawkins, bit Ms. Bahuguna on the thigh. Although all witnesses testified that they drank that night and some admitted to having hazy recollections of the evening's events, a general picture emerged at Mr. Hawkins's trial about how the confrontation and bite transpired.

{¶3} Shortly after arriving, Ms. Bahuguna and some other women in the group went to the restroom. There, they encountered Molly Beddinghaus, who Ms. Bahuguna described as "hysterical," and asked her if she needed help. Mr. Hawkins,

Ms. Beddinghaus's boyfriend, waited outside the restroom, as apparently he was prone to doing. At some point, after hearing a commotion, Mr. Hawkins peered into the restroom to check on Ms. Beddinghaus and, seeing the group of women attempting to console her, sought to extract her. But he claimed that the women pulled Ms. Beddinghaus back into her restroom stall, "by the neck," despite her crying out for him. Soon after, the women left the restroom with Ms. Beddinghaus and told Mr. Hill and their other friends that they needed to call her a car to get her home.

{¶4} Mr. Hill testified that, around this time, Mr. Hawkins approached his group, acting like a "hostile individual," and threw a drink at them. Whereupon, security tossed Mr. Hawkins out of the front entrance of the bar, and the friend group (with Ms. Beddinghaus) migrated outside through a back door.

{¶5} Across the street from the bar, the group waited with Ms. Beddinghaus for her car to arrive for five to ten minutes, during which time Mr. Hill described her as "hysterically crying" and "visually shaken, visibly upset." Suddenly, Mr. Hawkins rushed forward and "collided" with the group with enough force to knock Mr. Hill, Ms. Bahuguna, and others to the ground, apparently attempting to rescue Ms. Beddinghaus. As the altercation unfolded, Mr. Hill saw Mr. Hawkins on top of Ms. Bahuguna with his teeth latched to her thigh, biting her through her jeans in a zombie-like manner. He pulled Mr. Hawkins off her, and he and Mr. Hawkins fell to the ground again as they fought. Mr. Hawkins then sank his teeth into Mr. Hill's torso, before Mr. Hill shoved him off. Police eventually arrived, and Mr. Hawkins was charged with assaulting Ms. Bahuguna, in violation of R.C. 2903.13. The arresting officer testified that Ms. Beddinghaus was "extremely distraught, crying nonstop," refused medical attention, and would not tell the officer anything that happened.

3

**{¶6}** At trial, Mr. Hawkins did not deny biting Ms. Bahuguna, and the state introduced photographs of her bite injury into evidence, showing deep top- and bottom-teeth marks, redness, and bruising on her thigh. Instead, he asserted self-defense and defense of another, insisting that Ms. Bahuguna's group sought to "kidnap" Ms. Beddinghaus. His theory focused especially on the restroom incident and his observation that the group was holding coats over Ms. Beddinghaus's head (perhaps to shield or hide her) outside the bar. He further testified that when he approached the group outside, he tripped on a curb, and someone grabbed him by the neck as he was trying to pull Ms. Beddinghaus away, precipitating the physical entanglement and biting, which he maintains occurred in self-defense.

**{¶7}** Ms. Beddinghaus's account of the evening left much to the imagination. She testified that when she entered the restroom, a group of women came into her stall, and she "blanked out" based on stress and fright before calling out for Mr. Hawkins. She recalled that she "kind of blurred out again" after Mr. Hawkins was escorted out of the bar and remembered later being outside with the group. On cross-examination, she admitted that she did not know whether she asked the women for help when she was "blacked out."

**{¶8}** The trial court ultimately found Mr. Hawkins guilty of misdemeanor assault, in violation of R.C. 2903.13, and sentenced him to 180 days in jail, 180 suspended, and two years of probation. It denied Mr. Hawkins's Crim.R. 29 motion for an acquittal after the state's case and again after the conclusion of evidence. Prior to the second ruling, the court noted that the record contained no notice regarding a self-defense argument, as required by Crim.R. 12.2, determining that those arguments were "waived." Mr. Hawkins asked the court to consider the self-defense evidence he

4

presented anyway. Prior to announcing the verdict, the court favorably described how Mr. Hill and Ms. Bahuguna's "story matched" and found that the defense's kidnapping theory "does not make logical sense." It found persuasive the facts that security did not try to intervene, the group patiently waited outside of the bar with Ms. Beddinghaus, Ms. Beddinghaus did not testify about women forcing her to do anything, and Ms. Beddinghaus lacked memories about the night. It considered the testimony of both Mr. Hawkins and Ms. Beddinghaus and assessed their stories for consistency and credibility prior to finding him guilty.

{¶9} Mr. Hawkins moved for a new trial, which the court denied. He now appeals his conviction, arguing that the trial court erred in failing to consider his self-defense arguments and that he was deprived of the effective assistance of counsel because his trial counsel failed to file a notice of self-defense.

II.

{¶10} In March of 2019, an amended Ohio statute shifted the burden of proof to the prosecution in use of force cases where "there is evidence presented that tends to support that the accused person used the force in self-defense" or defense of another. R.C. 2901.05(B)(1) (In such cases, "the prosecution must prove beyond a reasonable doubt that the accused person did not use the force" in that defensive way.). We have previously held that the procedural burden " 'of going forward with the evidence' " of an affirmative defense, which is a burden of production, remains with the accused. *State v. Parrish*, 1st Dist. Hamilton No. C-190379, 2020-Ohio-4807, ¶ 13-14, quoting R.C. 2901.05(A).

{¶11} In this case, however, the parties do not contest whether Mr. Hawkins met his burden of production or whether the state met its burden of proof. Instead,

their primary concern is how the trial court handled Mr. Hawkins's admitted failure to file the requisite notice under Crim.R. 12.2. Under that rule, a defendant must give written notice of his intent to argue self-defense or defense of another no less than 14 days before trial in a misdemeanor case, like this one. Crim.R. 12.2. Further, "[i]f the defendant fails to file such written notice, the court may exclude evidence offered by the defendant related to the defense, unless the court determines that in the interest of justice such evidence should be admitted." *Id*. Thus, under Crim.R. 12.2, a trial court has discretion whether to exclude a defendant's evidence of self-defense after the defendant fails to file the requisite notice, and an appellate court reviews the trial court's determination for an abuse of discretion. An abuse of discretion occurs when "a court exercise[s] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶12} Notwithstanding the absence of notice, Mr. Hawkins asserts that the trial court erred in failing to consider his self-defense evidence and that it should have done so "in the interest of justice." *See* Crim.R. 12.2. However, after reviewing the record, we conclude the trial court effectively did what he now requests. Despite deeming his self-defense arguments "waived" because of the lack of Crim.R. 12.2 notice, the trial court recited its factual conclusions at length prior to announcing the verdict, including assessments of Mr. Hawkins's self-defense and defense of another arguments. It found that Ms. Beddinghaus's story "just does not make sense" and that the kidnapping allegation likewise "does not make logical sense," emphasizing how neither she nor Mr. Hawkins alleged any type of kidnapping plot on the night of the assault. And the court recalled the officer's testimony that despite Mr. Hawkins

claiming to have injuries from the brawl, she observed none on him that night. Contrasted with the trial court's findings that the stories of the prosecution's witnesses "matched," the court impliedly found the defense's theories not to be credible. So while the trial court may have acted inconsistently in announcing its "waiver" determination before weighing the self-defense arguments anyway, the waiver statement seemingly did not prevent the defense from advancing its self-defense arguments for the trial court, and it weighed them in the end.

{¶13} Under our harmless error standard, "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). At a minimum, to affect the defendant's substantial rights, the error must be prejudicial. *See State v. Smith*, 2019-Ohio-3257, 141 N.E.3d 590, ¶ 23 (1st Dist.). Because Mr. Hawkins fails to show how the trial court's statement that his self-defense arguments were "waived" prejudiced his defense, we conclude the trial court's actions were at a minimum harmless, and we overrule his first assignment of error.

{¶14} In his second assignment of error, Mr. Hawkins understandably faults his trial counsel for failing to file the requisite notice of self-defense under Crim.R. 12.2. But his claim that this failure deprived him of the effective assistance of counsel in violation of the U.S. Constitution and the Ohio Constitution fails by the same logic his first assignment of error fell short: he does not show that he suffered prejudice by the lack of notice.

{¶15} To prove ineffective assistance of counsel, a defendant must demonstrate both that "counsel's performance was deficient," and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show prejudice, a defendant "must prove

7

that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989).

{¶16} Here, the trial court admitted and weighed evidence of Mr. Hawkins's self-defense and defense of another arguments despite its waiver conclusion. Mr. Hawkins presents no argument that additional evidence would have been admitted or considered had the notice been appropriately filed (for instance, he never proffered additional evidence). Therefore, he has not met his burden to show a reasonable probability that the result of the trial would have differed if his trial counsel had complied with the notice requirement of Crim.R. 12.2, and we overrule his second assignment of error. *See id.* at 143; *see also State v. Watson*, 5th Dist. Stark No. 2022CA00145, 2023-Ohio-3137, ¶ 45-47 (holding defense counsel's failure to file Crim.R. 12.2 notice of self-defense was not prejudicial where trial court permitted evidence of self-defense and instructed the jury on self-defense).

\* \* \*

{¶17} Because Mr. Hawkins fails to show prejudice from the trial court's statement that his self-defense arguments were "waived" or from his trial counsel's failure to file the requisite notice under Crim.R. 12.2, we overrule his two assignments of error and affirm the judgment of the trial court convicting him of misdemeanor assault in violation of R.C. 2903.13.

Judgment affirmed.

**BOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.